1  JAMES ANDREW HINDS, JR. (SBN 71222)
   jhinds@jhindslaw.com
2  PAUL R. SHANKMAN (SBN 113608)
   pshankman@jhindslaw.com
3  HANNA B. RAANAN (SBN 261014)
   hraanan@jhindslaw.com
4  LAW OFFICES OF JAMES ANDREW HINDS, JR.
   21515 Hawthorne Boulevard
5  Suite 1150
   Torrance, CA 90503
6  Telephone:  (310) 316-0500
   Facsimile: (310) 792-5977
7
   Attorneys for Elizabeth Gorcey,
8  Secured Creditor

9                    UNITED STATES BANKRUPTCY COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                        LOS ANGELES DIVISION

12

13  In re                              )  CASE NO. 2:10-BK-33740-VZ
                                       )
14                                     )  (Chapter 7)
                                       )
15  YVES H. CHICHA,                    )  OPPOSITION OF SECURED
                                       )  CREDITOR, ELIZABETH GORCEY TO
16                                     )  MOTION FOR RELIEF FROM THE
                                       )  AUTOMATIC STAY BY ZIONS
17                                     )  NATIONAL BANK; SUPPORTING
              Debtor.                  )  MEMORANDUM OF POINTS AND
18                                     )  AUTHORITIES AND DECLARATION
                                       )
19                                     )  [REQUEST FOR JUDICIAL NOTICE
                                       )  FILED CONCURRENTLY HEREWITH]
20                                     )
                                       )  DATE:      September 7, 2010
21                                     )  TIME:      10:00 a.m.
                                       )  PLACE:     Courtroom 1368
22  _____)

23      TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES

24  BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, HOWARD

25  M. EHRENBERG, CHAPTER 7 TRUSTEE, ZIONS NATIONAL BANK, MOVANT , YVES

26  H. CHICHA, CHAPTER 7 DEBTOR, AND COUNSEL OF RECORD:

27

28
                                    1

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION

### I.

### INTRODUCTION

The Motion for Relief from Stay by Zions National Bank (hereinafter referred to as the "Movant") must be denied (hereinafter referred to as the "Motion"). The Debtor's scheduled real property located at 4403 West Magnolia Blvd. in Burbank, CA (hereinafter referred to as the "Real Property") is currently worth nearly $4.3 million. There exists equity of approximately $2.1 million dollars above the value of Movant's claim secured by the Real Property which adequately protects Movant's interest. The Chapter 7 Trustee should be allowed a reasonable period of time to list, market, and sell the Real Property which will pay in full Movant's debt and all other secured claims against the Real Property, including those of opposing secured creditor, Elizabeth Gorcey (hereinafter referred to as "Gorcey"). Gorcey holds Third and Fourth position deeds of trust against the Real Property securing notes in default which total over $414,600.00. Such a sale would in turn yield a surplus after payment of all secured claims against the real property of approximately $1.0 million to pay remaining allowed claims against the Estate.

### II.

### STATEMENT OF FACTS

1.      The Debtor owes Gorcey a total debt of over $414,600.00. The debt is evidenced by a Promissory Note dated October 23, 2007 in the sum of $204,600.00 and by a Promissory Note dated February 11, 2008 in the sum of $210,000.00. True and correct copies of each Promissory Note are attached respectively hereto as Exhibits "1" and "2" and are incorporated herein by this reference as if set forth in full (hereinafter referred to as the "Notes"). The Notes are in default. (Please see the attached Declaration of Elizabeth Gorcey, hereinafter referred to as the "Gorcey Dec." at ¶ 2).

2.      The Notes are secured by Deeds of Trust against the Real Property recorded respectively on October 24, 2007 and on February 12, 2008 (hereinafter referred to as the "Deeds of Trust").  True and correct copies of the Deeds of Trust are attached respectively hereto as Exhibits "3" and "4" and are incorporated herein by this reference as if set forth in full.  Gorcey Dec. at ¶ 3.

3.      Gorcey is informed and believes that Mirae Bank holds a revolving line of credit debt in the sum of approximately $500,000.00 against the Real Property which is secured by a Deed of Trust in Second position recorded on February 26, 2007 (hereinafter referred to as the "Mirae Deed of Trust").  A true and correct copy of the Mirae Deed of Trust is attached hereto as Exhibit "5" and is incorporated herein by this reference as if set forth in full.    Gorcey Dec. at ¶ 4.

4.      Gorcey is informed and believes that real property taxes remain unpaid against the Real Property of at least $13,950.00 for the Tax Years 2008 and 2009. Gorcey Dec. at ¶ 5.

5.      Gorcey is informed and believes that the current fair market value of the Real Property is close to $4.3 million, based upon a Broker's Opinion of Value which Gorcey commissioned from a California licensed real estate broker, Tobin Mc Andrews. A true and correct summary of Mr. Mc Andrews Broker's Opinion (without the full report and Exhibits attached to same to conserve on expense and judicial resources, since it corroborates Movant's evidence of value) is attached hereto as Exhibit "6" and is incorporated herein by this reference as if set forth in full.  A true and correct copy of Mr. Mc Andrews' resume and partial transaction list is attached hereto as Exhibit "7" and is incorporated herein by this reference as if set forth in full.  Gorcey Dec. at ¶ 6.

6.      Gorcey does not dispute the value of Movant's secured claim, but contends that the Trustee should be allowed a reasonable period of time to list, market, and sell the Real Property so that Movant and Gorcey will be paid in full, in light of the Estate's substantial equity interest in the Real Property.  In addition, as Movant admits, after sale

3

1    of the Real Property and payment of all secured claims, Gorcey estimates that there may

2    be a surplus for the Estate of over $1 million to address remaining allowed claims against

3    the Estate.  Gorcey Dec. at ¶ 7.

4

5                                          III.

6                                      ARGUMENT

7    **A.    Movant Cannot Meet Its Initial Burden Of Proof In This Matter.**

8            In relief from stay litigation, although the party opposing stay relief has the ultimate

9    burden of persuasion (or the risk of non-persuasion) as to all stay issues, except the

10   existence of equity pursuant to 11 U.S.C. § 362(g), the party requesting relief from the

11   stay must sustain an initial burden of production or going forward with the evidence to

12   establish that a prima facie case for relief exists before the respondent is obligated to go

13   forward with its proof.  See generally, In re Kowalsky, 235 B.R. 590, 594 (Bankr. E.D.

14   Tex. 1999), citing Sonnax Industries, Inc. v. Tri-Component Products Corp. (In re Sonnax

15   Industries, Inc.), 907 F.2d 1280 (2nd Cir. 1990); In re Powell, 223 B.R. 225, 232 (Bankr.

16   N.D. Ala. 1998); In re Five Star Properties, L.P., 193 B.R. 603 (N.D. Ga. 1996).  If the

17   movant fails to establish such a prima facie case for relief, the court should deny the

18   relief requested.  In re Keene Corporation, 171 B.R. 180, 182 (Bankr S.D.N.Y. 1994).

19           As shown herein and in the attached Gorcey Declaration, Movant has not and

20   cannot meet its burden of proof and cannot establish that its interest in the Real Property

21   is unprotected by the Property's current fair market value.  Rather, the proof is that

22   Movant is presently protected by the admitted fair market value of the

23   Real Property which well exceeds the value of its secured claim and those of all secured

24   creditors.  This is demonstrated by Movant's Motion and Gorcey's evidence of value.

25   Thus, Movant's Motion should be denied.

26   / / /

27   / / /

28

4

**B. Under 11 U.S.C. Section 362(d)(1), Movant's Interest in the Property is Adequately Protected.**

1

2

3        11 U.S.C. Section 362(d)(1) directs the bankruptcy court to grant relief from the

4 stay to a party in interest "for cause, including the lack of adequate protection of an

5 interest in property of such party in interest . . ."  As noted in several cases, the

6 existence or absence of an equity cushion does not determine whether or not there is a

7 prima facie case under 11 U.S.C § 362(d)(1).  See, e.g., In re Elmira Litho, Inc., 174 B.R.

8 892, 901 (Bankr. S.D.N.Y. 1994).  The real issue is whether the value of the collateral is

9 declining as a result of the existence of the stay.  See United Savings Association of

10 Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 98 L. Ed. 2d 740, 108

11 S. Ct. 626 (1988) in which the Supreme Court sought to "determine whether under-

12 secured creditors are entitled to compensation under 11 U.S.C. § 362(d)(1) from the

13 delay caused by the automatic stay in foreclosing on their collateral." Id. at 369.  The

14 Supreme Court stated that if the collateral were declining in value during the course of

15 the bankruptcy proceeding, the creditor would be entitled to compensation in the form of

16 cash payments or additional security to compensate it for such loss. Id. at 370.

17        Gorcey contends that Movant's interest in the Real Property is adequately

18 protected in this matter.  Because there are no set guidelines for what constitutes

19 adequate protection, bankruptcy courts have discretion to determine whether the form of

20 protection offered reflects the spirit and intent of 11 U.S.C. § 361.  See In re Family Invs.,

21 Inc., 8 B.R. 572, 575 (Bankr. W.D. Ky. 1981).

22        In this case, Gorcey respectfully submits that both Movant's and Gorcey's

23 valuations of the Real Property of over $4.3 million are at a level well above Movant's

24 asserted claim and above all secured claims against the Real Property.  These factors

25 will provide Movant with sufficient adequate protection while the Trustee completes his

26 efforts to list, market, and sell the Real Property to pay off Movant's claim, Gorcey's

27 / / /

28

OPPOSITION OF SECURED CREDITOR, ELIZABETH GORCEY TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY
ZIONS NATIONAL BANK; \SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION

1  claim, and those of all secured creditor against the Real Property.  Not only the spirit but

2  the letter of 11 U.S.C. §§ 361 and 362 (d)(1) have been met in this matter.

3

4  **C.  <u>Under 11 U.S.C. Section 362(d)(2)(A), Gorcey Has Met the Burden Of</u>**

5  **<u>Proof By Showing That The Property Has Substantial Equity</u>**

6  Either one of two factors must be satisfied to continue the automatic stay as a bar

7  to foreclosure on a debtor's property under 11 U.S.C. § 362(d)(2).  First, under §

8  362(d)(2)(A), the debtor must have residual equity in the Real Property.  As set forth in

9  the Gorcey Declaration and hereinabove, this requirement is met because the current

10  value of Real Property well exceeds the amount of all secured claims asserted against

11  the Real Property.

12  Second, under § 362(d)(2)(B), the estate must show that the property at issue is

13  "necessary to an effective reorganization."  <u>Timbers of Inwood Forest</u>, 484 U.S. at 375.

14  Since equity has been shown and this is a Chapter 7 case, this factor is irrelevant in this

15  matter.

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

6

IV.

CONCLUSION

For the reasons set forth hereinabove, it is respectfully submitted that the Motion should be denied, given the equity cushion and substantial equity in the Property protecting Movant's secured claim.   The Chapter 7 Trustee should be allowed a reasonable period of time to list, market, and sell the Real Property for the benefit of all allowed secured and unsecured claims of the Estate.


DATED: August 24, 2010             Respectfully submitted,

                                   JAMES ANDREW HINDS, JR.
                                   PAUL R. SHANKMAN
                                   THE LAW OFFICES OF JAMES ANDREW HINDS, JR.


                                   By:    /s/ Paul R. Shankman
                                          PAUL R. SHANKMAN,
                                   Attorneys for Elizabeth Gorcey, Secured Creditor

7

1

## DECLARATION OF ELIZABETH GORCEY

2      I, Elizabeth Gorcey, declare:

3      1.      I am an individual and a resident of Los Angeles, California.  I am a secured

4 creditor against real property owned by the Chapter 7 Debtor herein, Yves Chicha

5 (hereinafter referred to as the "Debtor").  I am making this Declaration in support of my

6 attached Opposition to the Motion for Relief from Stay of Zions National Bank.   If called

7 upon to testify to the matters set forth herein, I would do so of my own personal

8 knowledge, unless otherwise stated.

9      2.      The Debtor owes me a total debt of over $414,600.00.  The debt is

10 evidenced by a Promissory Note dated October 23, 2007 in the sum of $204,600.00 and

11 by a Promissory Note dated February 11, 2008 in the sum of $210,000.00.  True and

12 correct copies of each Promissory Note are attached respectively hereto as Exhibits "1"

13 and "2" and are incorporated herein by this reference as if set forth in full (hereinafter

14 referred to as the "Notes").  The Notes are in default.

15      3.      The Notes are secured by Deeds of Trust against the real property located

16 at 4403 West Magnolia Blvd. in Burbank, CA (hereinafter referred to as the "Real

17 Property") recorded respectively on October 24, 2007 and on February 12, 2008

18 (hereinafter referred to as the "Deeds of Trust").  True and correct copies of the Deeds of

19 Trust are attached respectively hereto as Exhibits "3" and "4" and are incorporated herein

20 by this reference as if set forth in full.

21      4.      I am informed and believe and thereon declare that Mirae Bank holds a

22 revolving line of credit debt in the sum of approximately $500,000.00 against the Real

23 Property which is secured by a Deed of Trust in Second position recorded on February

24 26, 2007 (hereinafter referred to as the "Mirae Deed of Trust").  A true and correct copy

25 of the Mirae Deed of Trust is attached hereto as Exhibit "5" and is incorporated herein by

26 this reference as if set forth in full.

27 / / /

28

OPPOSITION OF SECURED CREDITOR, ELIZABETH GORCEY TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY
ZIONS NATIONAL BANK; \SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION

5.    I am informed and believe and thereon declare that real property taxes remain unpaid against the Real Property of at least $13,950.00 for the Tax Years 2008 and 2009.

6.    I am informed and believe and thereon declare that the current fair market value of the Real Property is close to $4.3 million based upon a Broker's Opinion of Value which I commissioned from a California licensed real estate broker, Mr. Tobin Mc Andrews. A true and correct summary of Mr. Mc Andrews' Broker's Opinion (without the full report and Exhibits attached to same to conserve on expense and judicial resources, since it corroborates Movant's evidence of value) is attached hereto as Exhibit "6" and is incorporated herein by this reference as if set forth in full. A true and correct copy of Mr. Mc Andrews' resume and partial transaction list is attached hereto as Exhibit "7" and is incorporated herein by this reference as if set forth in full.

7.    I do not dispute the value of Movant's secured claim, but contend that the Trustee should be allowed a reasonable period of time to list, market, and sell the Real Property so that Movant and my secured claim will be paid in full, in light of the Estate's substantial equity interest in the Real Property. In addition, as Movant admits, after sale of the Real Property and payment of all secured claims, I estimate that there may be a surplus for the Estate of over $1 million to address remaining allowed claims against the Estate.


I declare under the penalty of perjury and the laws of the United States of America and the State of California that the foregoing is true and correct and that this Declaration was executed on August 24, 2010 at Los Angeles, CA.

_____
Elizabeth Gorcey

9

1
2
3
4
5
6  # THIS PAGE IS LEFT INTENTIONALLY BLANK
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION OF SECURED CREDITOR, ELIZABETH GORCEY TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY BY
ZIONS NATIONAL BANK; \SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION